# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ACEVEDO,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FARMERSVILLE, a governmental entity; Unknown CITY OF FARMERSVILLE POLICE OFFICERS named herein as DOES 1-50; and ROES 1-50 inclusive,<br><br>Defendants. | 1:18-cv-01747-LJO-SAB<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS (ECF No. 6)** |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno

Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff Luis Acevedo brings this action against Defendants City of Farmersville, Unknown City of Farmersville Police Officers named as Does 1-50, and Roes 1-50. This action arises out of Plaintiff's encounter with the Doe/Roe Defendants. Plaintiff alleges causes of action for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 ("§ 1983") and state law. Defendants move to dismiss all of Plaintiff's claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court **GRANTS IN PART AND OTHERWISE DENIES** Defendants' motion to dismiss Plaintiff's complaint.

## III. BACKGROUND

### A.      Factual Allegations

Plaintiff is a resident of Farmersville, California. ECF No. 1 ¶ 13. On or about April 16, 2018, Plaintiff pleads that he went to the Farmersville police station to report that his live-in girlfriend had struck him at his Farmersville residence. *Id.* ¶ 14. Farmersville officers allegedly advised Plaintiff to proceed to a friend's house near his residence and await further contact from the City of Farmersville police department. *Id.* A short time later, Plaintiff claims Farmersville officers arrived and advised Plaintiff that he was being detained, despite his status as the reporting party and victim. *Id.* Plaintiff pleads that after he was informed that he was being detained, a Farmersville officer without need or provocation, executed a swift and highly forceful kick to Plaintiff's legs, toppling Plaintiff, and thereby causing a severe fracture in Plaintiff's left leg, related problems in Plaintiff's right leg, and subsequently, internal injuries. *Id.* ¶ 15. Plaintiff claims that at no time did Farmersville or its officers provide any medical treatment to Plaintiff. *Id.* ¶ 16. Defendants allegedly forced Plaintiff to walk despite Plaintiff informing them that he had suffered a severe injury. *Id.* Plaintiff pleads that, after causing the severe

fracture to Plaintiff's left leg, Plaintiff was taken to the Bob Wiley Detention Facility run by the Tulare County Sheriff's Office. *Id.* ¶ 17. Defendants allegedly did not inform or request that Plaintiff be provided medical treatment at the Sheriff's infirmary. *Id.*

In October 2018, Plaintiff submitted a timely tort claim to Defendants. *Id.* ¶ 18. Plaintiff pleads that his counsel only received a letter from Defendants' insurer stating the insurer would investigate. *Id.* The claim was subsequently deemed denied by operation of law. *Id.*

**B. <u>Procedural Background</u>**

Plaintiff filed his Complaint on December 27, 2018 in this Court. ECF No. 1. Plaintiff brings claims against the City of Farmersville, Unknown City of Farmersville Police Officers, named as Does 1-50, and other governmental entities or persons allegedly responsible for Plaintiff's injuries, named as Roes 1-50. ECF No. 1 ¶¶ 3-4, 6. Plaintiff asserts nine causes of action: (1) assault, against all Defendants; (2) battery, against all Defendants; (3) intentional infliction of emotional distress ("IIED"), against all Defendants; (4) violation of 42 U.S.C. § 1983 for unlawful assault and battery in violation of the Fourth Amendment, against all Defendants; (5) violation of 42 U.S.C. § 1983 under a theory of *Monell* liability for unlawful assault and battery in violation of the Fourth Amendment, against all Defendants; (6) violation of California Civil Code § 52.1 (the "Bane Act"), against all Defendants; (7) violation of the Unruh Act, against all Defendants; (8) negligent hiring and supervision, against Defendant City of Farmersville; (9) negligent training, against Defendant City of Farmersville. Defendants filed this motion to dismiss on February 19, 2019. ECF No. 6. Plaintiff opposed the motion. ECF No. 8. Defendants filed a reply. ECF No. 9. Pursuant to Local Rule 230(g), the Court determined that this matter was suitable for decision on the papers and took it under submission on March 15, 2019. ECF No. 10.

**IV. <u>LEGAL STANDARD</u>**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a

cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. DISCUSSION

Defendants move to dismiss Plaintiff's causes of action on the grounds that: (1) punitive damages claims against the City of Farmersville are barred; (2) Plaintiff failed to plead with sufficient particularity his assault and battery claims; (3) Plaintiff failed to plead with sufficient particularity his IIED claim; (4) Plaintiff failed to plead with sufficient particularity his § 1983 claims; (5) Plaintiff's state law claims, excluding the assault and battery claims, should be dismissed for failure to follow the California Tort Claims Act; (6) Plaintiff's state law negligent hiring, supervision, and training claims fail to state a claim. Plaintiff opposes some of Defendants' arguments, and otherwise fails to address the others.[1]

### A. Requests for Punitive Damages

Plaintiff's first, second, third, and fourth claims, as well as Plaintiff's prayer for relief, seek punitive damages. Defendants argue that Plaintiff's claims for punitive damages must be dismissed. Plaintiff offers no argument in opposition. Municipalities are not liable for punitive damages for claims brought under § 1983 unless expressly authorized by statute. *See Kentucky v. Graham*, 473 U.S. 159,

---

[1] As noted throughout this order, Plaintiff's counsel inexplicably fails to offer meaningful opposition to dismissal of a number of Plaintiff's claims. *See, e.g.*, ECF No. 8 at 7 (Offering a single-sentence opposition for Bane Act, Unruh Act, and *Monell* claims, stating, "As with assault and battery claims, Plaintiff believes that the Complaint sufficiently alleges the requisite elements of each of the foregoing claims."). Indeed, in several instances, Defendants' arguments are wholly unopposed. The Court cannot and will not draft Plaintiff's counsel's briefing. Under this Court's Local Rules, failure to timely oppose a motion may be construed as a non-opposition warranting granting of Defendants' motions without further analysis. *See* Local Rule 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion"); *Way v. JPMorgan Chase Bank, N.A.*, No. 216CV02244TLNKJN, 2019 WL 1405599, at *1 (E.D. Cal. Mar. 28, 2019) (granting unopposed motion to dismiss and reviewing case law regarding the same). Plaintiff is cautioned future failures to offer meaningful opposition will not be overlooked and will be construed as non-opposition to dismissal.

167 n. 13 (1985); *Smith v. Wade*, 461 U.S. 30, 36 n. 5 (1983); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). State officials sued in their official capacity under § 1983 are also immune from punitive damages. *See Mitchell*, 75 F.3d at 527. Plaintiff does not plead whether the Doe/Roe Defendants are sued in their individual or official capacities.

Similarly, under California law, public entities are not liable for punitive damages unless authorized by statute. *See* Cal. Gov. Code § 818; *United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1012 (9th Cir. 2014).

Plaintiff does not identify a statute that would permit punitive damages for his § 1983 causes of action against the City of Farmersville and any Doe/Roe Defendants he intends to sue in their official capacities. And Plaintiff does not identify a California statute authorizing punitive damages for his state law causes of action against the City of Farmersville and any Doe/Roe Defendants he intends to sue in their official capacities. Therefore, Plaintiff's claims for punitive damages against Defendant City of Farmersville are **DISMISSED with prejudice**. Plaintiff's claims for punitive damages against remaining Doe/Roe defendants will also be **DISMISSED with prejudice** to the extent the Doe/Roe Defendants are sued in their official capacities.

**B.**     <u>**Failure to State a Claim for Assault**</u>

Plaintiff's first cause of action is for assault against all defendants. A civil assault is a "demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present." *Steel v. City of San Diego*, 726 F.Supp.2d 1172, 1189 (S.D. Cal. 2010); *see Lowry v. Standard Oil Co.*, 63 Cal.App.2d 1, 6-7 (1944). Thus, the tort of assault is based on a person's belief that he is about to be touched in an offensive manner by another. *See* CACI § 1301. Tortious assault "recognizes the right of the individual to peace of mind, to live without fear of personal harm." *Thing v. La Chusa*, 48 Cal.3d 644, 649 (1989). "The tort of assault is complete when the anticipation of harm occurs." *Steel*, 726 F.Supp.2d at 1189; *Kiseskey v. Carpenters' Trust for So. Cal.*, 144 Cal.App.3d 222,

1  232 (1983).  "Mere words, however threatening, will not amount to an assault."  *Steel*, 726 F.Supp.2d at

2  1189.

3          First, Defendants argue for all of the claims involving the officers that Plaintiff fails to plead

4  sufficient facts to identify the Doe/Roe officers and thus state claims against them.  The Ninth Circuit

5  has held the use of "Doe" defendants at early stages of a case is acceptable:

6                  As a general rule, the use of 'John Doe' to identify a defendant is not
                favored. . . . However, situations arise, such as the present, where the
7                  identity of alleged defendants will not be known prior to the filing of a
                complaint. In such circumstances, the plaintiff should be given an
8                  opportunity through discovery to identify the unknown defendants, unless
                it is clear that discovery would not uncover the identities, or that the
9                  complaint would be dismissed on other grounds.

10  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (internal citations and quotation marks omitted).

11  Plaintiff pleads that the true names of Does 1-50 and Roes 1-50 are unknown to Plaintiff, but that the

12  names, positions, and identification numbers of at least the Officer Defendants, Does 1-50, are known to

13  the City of Farmersville and its police department.  *See* ECF No. 1 ¶¶ 5-6.  Discovery would likely

14  quickly uncover the identities of the Doe/Roe Defendants, given that Plaintiff pleads a specific date,

15  location, and police department involved in a discrete event.  Nevertheless, the Court cautions that if

16  Plaintiff ultimately fails to conduct discovery and seek leave to amend in a timely fashion, such leave

17  may be denied and the Doe/Roe Defendants dismissed.  *See Demoura v. Ford*, No. 1:09-CV-01344-

18  LJO, 2012 WL 2577554, at *9 (E.D. Cal. July 3, 2012) (denying leave to amend due to plaintiff's failure

19  to discover identities of doe defendants and seek leave to amend in a timely fashion); *Zakowska v. AAA*

20  *Nevada Fire & Cas., Ins. Co.*, No. 2:09-CV-00181-PMP-LRL, 2009 WL 10693579, at *1 (D. Nev. June

21  19, 2009) (striking allegations because "Plaintiffs fail to allege that the Does and Roes are identifiable

22  individuals who performed specific actions which support the Complaint.").  Therefore, Plaintiff's

23  claims against the Doe/Roe Defendants will not be dismissed for the failure to plead the officers'

24  identities at this time.

25          Second, Defendants argue that Plaintiff's assault claim is conclusory and merely a formulaic

7

recitation of the elements of assault. The Court agrees. Plaintiff does not plead any particularized facts to support his own "belief that he is about to be touched in an offensive matter," CACI § 1301, or facts otherwise showing his "anticipation of harm." *Steel*, 726 F. Supp. 2d at 1189; *see also Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) ("The district court properly granted summary judgment on the assault claim because Williams' behavior never placed Austin in apprehension of imminent offensive contact."); *Wilson v. City of Bakersfield*, No. 1:16-CV-00387-JLT, 2016 WL 2997496, at *8 (E.D. Cal. May 23, 2016) ("Plaintiffs do not allege that Mr. Wilson did, in fact, suffer any apprehension during either encounter with the police officers. Accordingly, Plaintiffs fail to allege facts sufficient to support a claim for assault.").

Indeed, the most reasonable inference from Plaintiff's factual recitation of the "swift" kick executed "without need or provocation" is that Plaintiff did not anticipate harm or that he was about to be touched in an offensive manner. *See* ECF No. 1 ¶ 15. And Plaintiff offers no particularized facts showing Defendants' "demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present," *Steel*, 726 F. Supp. 2d at 1189, other than to say that the kick was unnecessary and unprovoked. *See* ECF No. 1 ¶ 15. Even accepting all of the pleaded facts as true, and making every reasonable inference in his favor, Plaintiff fails to plead sufficient particularized facts to state his assault claim. Therefore, Plaintiff's assault claim will be **DISMISSED without prejudice.**

**C.    Failure to State a Claim for Battery**

Plaintiff's second claim is for battery, against all defendants. The elements of a civil battery under California law are: (1) the defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to the plaintiff. *See Brown v. Ransweiler*, 171 Cal.App.4th 516, 526-27 (2009); *Fluharty v. Fluharty*, 59 Cal.App.4th 484, 497 (2004). "A bodily contact is offensive if it offends a reasonable sense of personal dignity." *See* Judicial Council of Cal., Civil Jury Instructions ("CACI"), Comment to § 1300 (Fall 2011).

In the context of a peace officer's use of force, "[a] state law battery claim is a counterpart to a federal claim of excessive use of force," and similar standards apply. *Brown*, 171 Cal.App.4th at 527; *see also Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1274–75 (1998) (looking to the standards of a federal excessive force claim to determine the burden of proof for a state law battery claim against an officer). The Fourth Amendment requires police officers making an arrest to use only an amount of force that is objectively reasonable in light of the circumstances facing them. *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985). Neither tackling nor punching a suspect to make an arrest necessarily constitutes excessive force. *Graham v. Connor*, 490 U.S. 386, 396 (1989) ("'Not every push or shove, even if it may seem unnecessary in the peace of the judge's chambers,' ... violates the Fourth Amendment") (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973)). But "even where some force is justified, the amount actually used may be excessive." *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir.2002). The question in all cases is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting" the arresting officers. *Graham*, 490 U.S. at 397 (internal quotation marks omitted); *see also Brown*, 171 Cal.App.4th at 527; *Edson*, 63 Cal.App.4th at 1272.

To determine whether a specific use of force was reasonable, a court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Id.* at 396 (internal quotation marks omitted). Relevant factors to this inquiry include, but are not limited to, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*; *see also Forrester v. City of San Diego*, 25 F.3d 804, 806 n. 2 (9th Cir.1994). When appropriate, a reasonableness determination must also make "allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396–97.

Here, Plaintiff alleges that he initiated contact with the police to report that he was a victim of

domestic violence. However, Plaintiff pleads that after the Defendant officers arrived, they informed Plaintiff that he was being detained and, "without need or provocation, executed a swift and highly forceful kick to Plaintiff's legs, toppling Plaintiff, and thereby causing a severe fracture in Plaintiff's left leg, related problems in Plaintiff's right leg, and subsequently, internal injuries." ECF No. 1 ¶ 15. Unquestionably, Plaintiff's battery claim and allegations of excessive force as a whole are sparsely pleaded. Nevertheless, taking all of the pleaded facts as true for purposes of this motion to dismiss, and making every reasonable inference in Plaintiff's favor, Plaintiff pleads sufficient facts to state a battery claim against the officers and the vicariously liable City of Farmersville. If it is true that, upon informing Plaintiff he was being detained, officers "without need or provocation" kicked Plaintiff's legs, such use of force is not objectively reasonable. There are no facts suggesting Plaintiff committed any crime, and Plaintiff in fact alleges he was the victim of a crime. And there are no facts permitting an inference that Plaintiff was actively resisting arrest, attempting to evade arrest by flight, or posed an immediate or significant threat to the safety of the officers. Indeed, there are no facts permitting an inference that any use of force whatsoever was required. Thus, as pleaded, there is minimal government interest at stake in allowing such a use of force, and an unneeded and unprovoked kick causing severe injury is a serious intrusion upon Plaintiff's Fourth Amendment rights. *See P.B. v. Koch*, 96 F.3d 1298, 1303 n.4 (9th Cir. 1996) (noting that where there is no need for force, use of force is objectively unreasonable); *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1115-16 (9th Cir. 2017), *cert. denied sub nom. Shafer v. Padilla*, 138 S. Ct. 2582 (2018) (holding leg sweep maneuver constituted excessive force even where defendant was "noncompliant" and "presented some threat" to the arresting officer, as any threat was not "immediate" or "significant" enough to justify a leg sweep maneuver, but reversing denial of qualified immunity due to lack of clearly established law). Therefore, Plaintiff's battery claim will not be dismissed at this time.

**D.    California Tort Claims Act**

Defendants argue that Plaintiff failed to comply with the requirements of the California Tort

Claims Act for all tort claims except the assault and battery claims, and that such failure subjects the state law causes of action for violation of the Bane Act, violation of the Unruh Act, IIED, and negligent hiring, training, and supervision to dismissal.[2] Before bringing a suit against a California state or local government entity, the California Tort Claims Act ("TCA") requires the timely presentation of a written claim and the government entity's rejection of it in whole or in part. *See* Cal. Gov't Code §§ 905, 945.4; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (citing *Snipes v. City of Bakersfield*, 145 Cal.App.3d 861 (1983)). A plaintiff must allege facts demonstrating either compliance with the TCA's requirement or an excuse for noncompliance as an essential element of the cause of action. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1243-44 (2004). Failure to allege compliance or an excuse for noncompliance constitutes a failure to state a cause of action and subjects such claims to dismissal. *See id.* Although federal courts do not have jurisdiction over the underlying petitions, it is proper for federal courts to determine whether a plaintiff bringing tort claims against a public entity has complied with the TCA. *See United States v. State of Cal.*, 655 F.2d 914, 918-19, n.3 (9th Cir. 1980). California Government Code § 910 lists the required contents of a claim:

> (a) The name and post office address of the claimant.
> (b) The post office address to which the person presenting the claim desires notices to be sent.
> (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
> (d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
> (e) The name or names of the public employee or employees causing the injury, damage, or loss, if known. . . . .

"The purpose of these statutes is 'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.'"

---

[2] The Court **GRANTS** Defendants' request for judicial notice of Plaintiff's tort claim sent to the government entities (ECF No. 6-1). *See* Fed. R. Evid. 201; *Cedar Point Nursery v. Shiroma*, 923 F.3d 524 (9th Cir. 2019) ("In evaluating a motion to dismiss under Rule 12(b)(6), '[r]eview is limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.'") (quoting *Metzler Inv. GMBH v. Corinthian Colls.*, Inc., 540 F.3d 1049, 1061 (9th Cir. 2008)).

*Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004) (quoting *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974). "[A] claim need not contain the detail and specificity required of a pleading, but need only 'fairly describe what [the] entity is alleged to have done.'" *Id.* (quoting *Shoemaker v. Myers*, 2 Cal.App.4th 1407, 1426 (1992)). "If the claim is rejected and the plaintiff ultimately files a complaint against the public entity, the facts underlying each cause of action in the complaint must have been fairly reflected in a timely claim." *Id.* at 447. In other words, the claim and the complaint must be "predicated on the same fundamental facts" and a party may not "shift the fundamental facts about her injury." *White v. Superior Court*, 225 Cal. App. 3d 1505, 1510-11 (1990). A complaint will be barred "where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim." *Stockett*, 34 Cal. 4th at 447 (internal quotation marks and citations omitted). "Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint." *Id.*

Plaintiff's claim sent to the City of Farmersville and Farmersville Police Department states in pertinent part:

> On April 16, 2018, Mr. Acevedo was detained in Farmersville by the Farmersville Police Department. During the detention, without any reason whatsoever, an officer, exact name unknown but believed to be an Officer "Loks" or similar name (white male, middle age, trained in martial arts), kicked Mr. Acevedo's legs, resulting in a fractured left leg, other leg injuries, and other internal injuries. As of the present, Mr. Acevedo is still out of work due to the incident.

> The full extent of Mr. Acevedo's damages is not presently known, but it is far in excess of $10,000.00, and would sound in "unlimited" jurisdiction if the matter were to be litigated in state court. However, because Mr. Acevedo plans to file a complaint pursuant to 42 U.S.C. § 1983 and 1988 for unlawful assault and battery, it is anticipated that the matter will be filed in the Eastern District in the event my client's claim is rejected.

ECF No. 6-1 at 4. Plaintiff's TCA claim involves a single core set of facts, *i.e.*, the alleged kick by the

officer.  Although Plaintiff's claim only names assault and battery pursuant to §§ 1983 and 1988, Plaintiff alleges the same "fundamental facts" for all of his causes of action, which have at their core the same principal actors' use of force causing his physical injuries.  *See White*, 225 Cal. App. 3d at 1511 ("Both plaintiff's complaint and her claim were predicated on the same fundamental facts—Officer Sanford's alleged mistreatment of plaintiff. The causes of action for negligent hiring, training, and retention and for failure to train, supervise, and discipline merely sought to show direct responsibility of San Francisco for Officer Sanford's conduct. . . . Here, both the written claim and the lawsuit identified the police officer as the principal actor.").  While Plaintiff's complaint is sparsely pleaded, as far as the Court can tell, the Bane Act, Unruh Act, and negligent hiring, supervision, and training causes of action all are rooted in the same fundamental facts regarding the alleged kick.

Plaintiff's IIED cause of action does present a close call.  Plaintiff's underlying TCA claim only describes physical injuries.  Plaintiff's claim makes no mention of mental or emotional distress suffered as a result of the incident.  Nevertheless, Plaintiff's IIED claim stems from the same core acts as Plaintiff's other causes of actions, *i.e.*, the allegedly excessive force used in perpetuating his arrest and resulting in a broken leg.  The IIED claim does not "shift liability to other parties or premise liability on acts committed . . . at different times or places."  *Stockett*, 34 Cal. 4th at 448.  As far as the Court can tell at this time, Plaintiff's IIED claim is predicated on the same fundamental facts as all of his other causes of action.  The facts presented in the underlying tort claim would have put the relevant government entities on notice for purposes of investigating and, if necessary, settling the claim as related to the alleged kick.  Therefore, for purposes of this motion, the Court finds Plaintiff complied with the TCA for purposes of his state law claims.  Given this Order dismisses a number of Plaintiff's claims with leave to amend, Defendants may renew this argument if Plaintiff amends his complaint to allege "fundamental facts" not fairly encompassed by the underlying TCA claim.

**E.**     **Failure to State a Claim for Intentional Infliction of Emotional Distress**

Plaintiff's third cause of action is for intentional infliction of emotional distress against all

Defendants.  Under California law, the elements of a prima facie case for the tort of IIED are: "(1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's conduct." *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App.4th 1228, 1259 (2005) (quoting *Trerice v. Blue Cross of California*, 209 Cal. App.3d 878, 883 (1989)).  A defendant's conduct is "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community."  *Id.* at 1050-51 (quoting *Trerice*, 209 Cal. App.3d at 883).

Plaintiff's complaint simply pleads the boilerplate elements of IIED in a conclusory fashion.  Plaintiff wholly fails to plead particularized facts sufficient state a claim for IIED.  Plaintiff argues that the pleading of the unprovoked kick to the leg, and Defendants' failure to request medical treatment after causing the injury, is sufficient to state a claim for IIED.  But even if the Court accepts for argument's sake that this conduct was "extreme and outrageous," the complaint contains no particularized facts describing Plaintiff's suffering of severe or extreme emotional distress, nor sufficient facts from which the Court could reasonably infer the suffering of severe or extreme emotion distress.  Plaintiff's complaint only alleges physical injuries suffered as a result of the kick.  And Plaintiff pleads no particularized facts showing—or permitting reasonable inferences regarding—Defendants' intentions of causing or recklessly disregarding the probability of causing emotional distress, or the actual and proximate causation of the emotional distress by the Defendants' conduct.  Therefore, Plaintiff's IIED will be **DISMISSED without prejudice.**

**F.**     **Failure to State a § 1983 Claim**

The Civil Rights Act, codified at 42 U.S.C. § 1983, provides in relevant part:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham*, 490 U.S. at 393-94 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Plaintiff alleges that his Fourth Amendment rights were violated by unlawful search, seizure, detention, assault, battery, bodily intrusion, and denial of medical care. The Fourth Amendment provides that the "right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated . . . ." *Heien v. N. Carolina*, 135 S.Ct. 530, 536 (2014). The Court analyzes Fourth Amendment claims under the test for "objective reasonableness" set forth by the Supreme Court in *Graham v. Connor*, 490 U.S. 386, 397 (1989), which requires a balancing of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests. Specifically, the Court assesses the following factors: 1) the "severity of the intrusion on the individual's Fourth Amendment rights" based on the "type and amount of force inflicted"; 2) the government's interests, including whether the individual "posed an immediate threat to the officers' or public's safety", and whether the individual was resisting arrest or attempting to escape"; and 3) "the gravity of the intrusion on the individual against the government's need for that intrusion." *Espinosa v. City and Cnty. of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (internal citations omitted). The reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case," and "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. Furthermore, "[t]he calculation of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396-97. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397 (quoting *Scott v. United States*, 436 U.S. 128, 137-39 (1978)).

First, Plaintiff brings his § 1983 claim against "All Defendants." Plaintiff essentially alleges the City of Farmersville is vicariously liable under § 1983 for the alleged constitutional violations of its officers. However, a municipality cannot be held liable under § 1983 for the actions of its employees under the theory of *respondeat superior. See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1027 (9th Cir. 2015); *see also Cameron v. Craig*, 713 F.3d 1012, 1023 (9th Cir. 2013) (granting summary judgment on excessive force claim where Plaintiff failed to identify an unconstitutional policy or custom and noting "the County cannot be held vicariously liable for its deputies' acts of excessive force."). And, to the extent the Doe/Roe officer defendants are sued in their official capacities, it is the equivalent of a suit against the governmental entities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself."). Section 1983 claims against municipalities or § 1983 official capacity claims are properly pleaded as *Monell* claims, as Plaintiff does in his Fifth cause of action. Therefore, the Fourth cause of action as to the City of Farmersville and any Doe/Roe Defendants sued in their official capacities will be dismissed with prejudice.

Second, as found above, accepting Plaintiff's allegations as true and making all reasonable inferences in his favor, Plaintiff has pleaded sufficient facts to state a claim for use of excessive force in violation of the Fourth Amendment.

Third, Plaintiff's § 1983 claim states that the denial of medical care violated the Fourth Amendment. The Ninth Circuit has clarified that a claim for post-arrest failure to provide medical care is cognizable under the Fourth Amendment and is subject to the Fourth Amendment's objective reasonableness standard. *See Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir. 2006).[3] This means that officers must "seek the necessary medical attention for a detainee when he or

---

[3] As a threshold matter and as noted below, Plaintiff fails to plead that he actually was arrested at any point, only stating that

she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Id.* (quoting *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1415 (9th Cir.1986)). Plaintiff alleges that the kick injured him, causing a left leg fracture, "problems" in the right leg, and "internal injuries," and, when Plaintiff informed Defendant officers of the severe injury, he was "forced to walk." ECF No. 1 ¶ 16. Plaintiff further alleges that when he was taken to the detention facility, Defendant officers did not inform or request medical treatment for Plaintiff at the infirmary. *Id.* ¶ 17. Plaintiff's complaint permits inferences that the officers did not summon medical help and that Plaintiff was not taken to a hospital, despite the fact that Plaintiff allegedly informed the officers of his severe injury. Accepting these facts as true and making every reasonable inference in Plaintiff's favor, Plaintiff has pleaded sufficient facts demonstrating that the alleged failure to provide medical care was objectively unreasonable. Therefore, Plaintiff's Fourth Amendment denial of medical care claim will not be dismissed at this time.

Fourth, Plaintiff's § 1983 claim also complains of "unlawful search, seizure, detention . . . and bodily intrusion," but fails to allege particularized facts to support the same. At threshold, Plaintiff does not plead any particularized facts that any search occurred at any point during the incident at issue. Similarly, Plaintiff pleads no facts describing what specific bodily intrusion occurred. *See, e.g.*, *Fontana v. Haskin*, 262 F.3d 871, 878-81 (9th Cir. 2001) (summarizing what constitutes a bodily intrusion in violation of the Fourth Amendment); *Winston v. Lee*, 470 U.S. 753, 760 (1985) (The "Fourth Amendment analysis thus required a discerning inquiry into the facts and circumstances to determine whether the intrusion was justifiable. The Fourth Amendment neither forbids nor permits all such

he was "detained" and taken to a detention center. The Fourth Amendment applies to claims of failure to provide medical care from arrest up until the time the arrestee is in custody, while the Fourteenth Amendment governs treatment of pre-trial detainees during the period of confinement after an arrestee is in custody. *See Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602 (9th Cir. 2019); *Tatum*, 441 F.3d at 1098-99; *Torres v. City of Madera*, 524 F.3d 1053, 1056 (9th Cir. 2008) (quoting *Robins v. Harum*, 773 F.2d 1004, 1010 (9th Cir. 1985)). Therefore, the timing of the alleged failure to provide medical care is critical to analysis of Plaintiff's claim. If Plaintiff amends his complaint to allege that an arrest occurred, or if Plaintiff amends to plead that the denial of medical care occurred while in custody, dismissal of any Fourth Amendment claim for failure to provide medical care may be warranted.

intrusions; rather, the Amendment's 'proper function is to constrain, not against all intrusions as such, but against intrusions which are not justified in the circumstances, or which are made in an improper manner.'") (quoting *Schmerber v. California*, 384 U.S. 757, 768 (1966)). Bodily intrusions claims are distinct from excessive force claims, *see Fontana*, 262 F. 3d at 878-81, and the former traditionally involve actions such as "[a] compelled surgical intrusion into an individual's body for evidence," *see Winston*, 470 U.S. at 759, or sexually harassing an arrestee, *see Fontana*, 262 F.3d at 878-79. Without facts describing the alleged bodily intrusion or search, it is impossible for the Court to determine whether Plaintiff's Fourth Amendment rights were intruded upon, much less whether such intrusion was "reasonable." *See Espinosa*, 598 F.3d at 537. Therefore, Plaintiff has not alleged sufficient facts to plead that he was subjected to an unlawful search or bodily intrusion.

Regarding his claims for unlawful seizure and detention, Plaintiff does plead facts suggesting some kind of seizure and detention occurred. But Plaintiff fails to plead sufficient facts explicitly stating or allowing the Court to infer that the seizure and detention were unreasonable. Most glaringly, Plaintiff does not plead facts one way or the other regarding whether there was probable cause for the seizure and detention. Plaintiff's claim that he was the reporting party for the alleged domestic violence incident is insufficient to draw an inference that there was no probable cause or that seizure and detention would inherently unreasonable in that situation. And Plaintiff does not plead whether he was actually arrested, the length of his alleged detention, including whether he was jailed at the Bob Wiley Detention Center for any period of time, or whether he was charged with a crime. Plaintiff must plead particularized and specific facts establishing or permitting a reasonable inference that the seizure and detention were unreasonable, and must plead facts, period, regarding the alleged unlawful search and bodily intrusion. Consequently, even accepting all of Plaintiff's allegations as true and making every reasonable inference in his favor, Plaintiff has failed to state a claim for unlawful search, non-excessive force seizure, detention, and "bodily intrusion."

Therefore, Plaintiff's Fourth cause of action for violation of the Fourth Amendment pursuant to

§ 1983 will be **DISMISSED with prejudice** as to the City of Farmersville and as to any Doe/Roe Defendants sued in their official capacities. Defendants' motion will be **DENIED** as to Plaintiff's Fourth cause of action to the extent it states claims of excessive force and failure to provide medical care in violation of the Fourth Amendment. Plaintiff's Fourth cause of action claim will be **DISMISSED without prejudice** to the extent it states any other claims for violation of the Fourth Amendment besides excessive force and failure to provide medical care.

**G.** *Monell* **Claim**

Defendant argues that Plaintiff fails to plead sufficient particularized facts to support his Fifth cause of action for *Monell* liability. Once again, Plaintiff fails to offer substantive opposition in support of this claim. *See* ECF No. 8 at 7; Local Rule 230(c).

As stated above, a municipality cannot be held liable under § 1983 for the actions of its employees under the theory of *respondeat superior*. *See Monell*, 436 U.S. at 691; *Velazquez*, 793 F.3d at 1027. A municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. *Monell*, 436 U.S. at 694. Municipal liability under *Monell* may be premised on: (1) conduct pursuant to a formal or expressly adopted official policy; (2) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (3) a decision of a decision-making official who was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision; or (4) an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. *See Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014); *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). "A policy can be one of action or inaction," *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006), and can be formal or informal. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 131 (1988).

A longstanding practice or custom is one that is so "persistent and widespread" that it constitutes a "permanent and well settled" governmental policy. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996).

"Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* (emphasis added). The line between "isolated or sporadic incidents" and "persistent and widespread conduct" is not clearly delineated, although where more than a few incidents are alleged, the determination appears to require a fully-developed factual record. *Compare Davis v. City of Ellensburg*, 869 F.2d 1230, 1233–34 (9th Cir.1989) (single incident of excessive force inadequate to establish liability); *Meehan v. County of Los Angeles*, 856 F.2d 102, 107 (9th Cir.1988) (two incidents insufficient) *with Menotti v. City of Seattle*, 409 F.3d 1113, 1147 (9th Cir.2005) (triable issue of fact existed as to whether Seattle had an unconstitutional policy or custom of suppressing certain political speech based on the testimony of several individuals that their entry to a particular area was permitted by police only after they removed offending buttons and stickers, coupled with the testimony of the officer in charge that the City would not permit "demonstrations" in the area); *see also Jarbo v. County of Orange*, 2010 WL 3584440, *9-13 (C.D. Cal. Aug. 30, 2010) (reviewing circumstances in which *Monell* custom/practice claims were permitted past summary judgment).

Thus, generally, a plaintiff must show the following: (1) the plaintiff was deprived of a constitutional right; (2) the defendant had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks and citations omitted); *Mabe v. San Bernardino County*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). The standard for deliberate indifference for a governmental entity is an objective one. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016).

First, Plaintiff states this claim is against "all Defendants." *Monell* applies to claims against municipalities, not claims against officers in their individual capacities. While claims against individuals in their official capacities are the equivalent of claims against the government entity, *see Hafer*, 502 U.S. at 25; *Larez*, 946 F.2d at 646, Plaintiff does not plead one way or the other whether any

of his claims against the Doe/Roe defendants are in their individual or official capacities. Moreover, it is duplicative and unnecessary to name an official capacity defendant when the municipality is already named as a defendant. *See Reyes ex rel. Reyes v. City of Fresno*, No. CV F 13-0418 LJO SKO, 2013 WL 2147023, at *12 (E.D. Cal. May 15, 2013) ("when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a redundant defendant and may be dismissed.") (quoting *Luke v. Abbott,* 954 F.Supp. 202, 203 (C.D.Cal.1997)). Therefore, Plaintiff's Fifth claim for *Monell* liability will be dismissed as to any non-municipal defendants, *i.e.*, Does 1-50 and Roes 1-50, with prejudice to the extent the Does/Roes are sued in their individual capacities. Because the Court at this time does not know whether the Does/Roes are being sued in an official capacity that is duplicative of the municipal Defendant, it does not dismiss any official capacity *Monell* claims directed to Does/Roes at this time.

Second, for purposes of this motion, taking all of Plaintiff's allegations as true and making every reasonable inference in his favor, Plaintiff fails to plead sufficient particularized facts to state his *Monell* claim. Plaintiff arguably pleads three policies or customs: (1) "Physical assault and abuse of citizens by officers . . . that were subsequently poorly investigated and/or covered up"; (2) "Intentional violation of Defendant's recording and/or body cam policies and procedures . . . in order to avoid evidencing improper assault and abuse on citizens"; (3) "Abuse and assault against minorities and citizens with injuries and/or disabilities . . . that were subsequently poorly investigated and /or covered up." ECF No. 1 ¶ 51(a)-(c). Plaintiff mostly offers a conclusory recitation of the elements of a *Monell* claim, without specific facts regarding an official policy, a longstanding practice or custom, a decision by an official with final policymaking authority, or the delegation by an official with final policymaking authority to a subordinate or ratification of that subordinate's decision. Plaintiff effectively pleads that Farmersville has a policy, custom, or practice of permitting the occurrence of the type of wrongs alleged in the complaint, which is insufficient. *See Bagley v. City of Sunnyvale*, No. 16-CV-02250-LHK, 2017 WL 344998, at *16 (N.D. Cal. Jan. 24, 2017) ("Plaintiff's allegation that Sunnyvale has a policy '[t]o use or

tolerate the use of excessive and/or unjustified force' is too vague to sufficiently allege a policy under *A.E.* Indeed, because Plaintiff has brought an excessive force claim, Plaintiff is essentially alleging that Sunnyvale has an 'official policy, custom, or practice of knowingly permitting the occurrence of the type of wrongs' alleged elsewhere in the complaint."). Such bare bones recitations are insufficient to state a *Monell* claim. *See AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) ("to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.") (quoting *Starr*, 652 F.3d at 1216). Furthermore, Plaintiff fails to tie the alleged use of excessive force with the kick to any specific custom, policy, or practice. Plaintiff's allegations concerning "customs or policies" are vague and conclusory, and Plaintiff does not allege with any particularity the content of the policies, such as whether a kick allegedly used here was improper under those policies. And Plaintiff does not allege any specific similar incidences of force such that a longstanding practice or custom can be inferred. *See Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999) ("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom."). Plaintiff's allegations concerning official bodycam policy are the closest Plaintiff comes to pleading a custom, policy, or practice with sufficient particularity. But Plaintiff's factual allegations regarding the kicking incident do not state anything regarding bodycams, and therefore any alleged deficiencies in bodycam policy are not connected to Plaintiff's claims as pleaded.

Plaintiff's allegations fall far short of what other cases have found to be sufficiently particularized pleadings. *See Scalia v. Cty. of Kern*, 308 F. Supp. 3d 1064, 1079 (E.D. Cal. 2018) (denying motion to dismiss *Monell* claim where specific allegations of reoccurring incidents, identification of shortcomings in training programs, and insufficient resource allocations sufficiently alleged a specific custom, policy, or practice constituting deliberate indifference); *Rossy v. City of Bishop*, No. 1:17-CV-01244-LJO-SAB, 2018 WL 1605691, at *7 (E.D. Cal. Apr. 3, 2018) (plaintiff

sufficiently pleaded *Monell* claim where plaintiff alleged a specific final policy maker, what actions that policy maker took, and how those actions violated Plaintiff's rights); *Gonzalez v. Cty. of Merced*, 289 F. Supp. 3d 1094, 1101 (E.D. Cal. 2017) (particularized allegations of reoccurring incidences and complaints to supervisors sufficiently pleaded custom that amounted to deliberate indifference to plaintiff's rights as the driving force behind violation of her rights); *Mateos-Sandoval v. Cty. of Sonoma*, 942 F. Supp. 2d 890, 899 (N.D. Cal. 2013), *aff'd sub nom. Sandoval v. Cty. of Sonoma*, 591 F. App'x 638 (9th Cir. 2015), *opinion amended and superseded on denial of reh'g,* 99 F. App'x 673 (9th Cir. 2015), *and aff'd*, 599 F. App'x 673 (9th Cir. 2015) (*Monell* claim sufficiently pleaded where allegations "specif[ied] the content of the policies, customs, or practices the execution of which gave rise to Plaintiffs' Constitutional injuries."). Although the Court recognizes it is difficult at this stage to make extremely specific allegations regarding policies without the aid of discovery, Plaintiff's complaint is insufficiently pleaded even under that generous lens.

Therefore, Plaintiff's Fifth Claim for *Monell* liability will be **DISMISSED with prejudice** as to any non-municipal Doe/Roe defendants to the extent the Does/Roes are sued in their individual capacities. Plaintiff's Fifth Claim for *Monell* liability will be **DISMISSED without prejudice** as to any non-municipal Doe/Roe defendants to the extent the Does/Roes are sued in their official capacities. Plaintiff's Fifth Claim for *Monell* liability will be **DISMISSED without prejudice** as to the City of Farmersville.

**H.** **Failure to State Bane Act Claim**

Plaintiff's sixth claim[4] is against "All Defendants" for violation of California Civil Code § 52.1, also known as the "Bane Act." § 52.1 provides a cause of action against:

> person or persons, whether or not acting under color of law, [who] interfere[] by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any

---

[4] Plaintiff does not plead a sixth cause of action, instead pleading two "fifth cause[s] of action" and a seventh cause of action.

individual or individuals of rights secured by the Constitution or laws of
the United States, or of the rights secured by the Constitution or laws of
[California.]

*See* Cal. Civil Code § 52.1(a)-(b). Plaintiff, yet again, offers no substantive opposition to Defendants'

arguments. *See* ECF No. 8 at 7; *see also* Local Rule 230.

      First, Defendants argue that the Bane Act requires showing coercive actions beyond the coercion

inherent in a detention or search. However, the Ninth Circuit has flatly held, in a case Defendants

themselves cite, that "the Bane Act does not require the 'threat, intimidation or coercion' element of the

claim to be transactionally independent from the constitutional violation alleged." *Reese v. Cty. of

Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018); *see also Cornell v. City & Cty. Of San Francisco*, 17

Cal. App. 5th 766, 799-800 n. 28 (Ct. App. 2017) (rejecting requirement that a plaintiff "show

something beyond the concern 'inherent' in the wrongful detention"), *as modified* (Nov. 17, 2017),

*review denied* (Feb. 28, 2018); *B.B. v. Cty. of Los Angeles*, 25 Cal. App. 5th 115, 131 (Ct. App. 2018),

*as modified* (July 12, 2018), *reh'g denied* (Aug. 9, 2018), *as modified* (Aug. 9, 2018) (independent

coercion requirement applies to Bane Act claims of "unintentional or negligent interference with civil

rights").

      Second, Defendants argue that Plaintiff fails to meet the Bane Act's requirement of pleading a

"specific intent" to violate the victim's rights. Defendants are correct that "the egregiousness required

by Section 52.1 is tested by whether the circumstances indicate the arresting officer had a specific intent

to violate the arrestee's right to freedom from unreasonable seizure, not by whether the evidence shows

something beyond the coercion 'inherent' in the wrongful detention." *Cornell*, 17 Cal. App. 5th at 801-

2; *see also Reese*, 888 F.3d at 1043-44 (concluding *Cornell* requires Bane Act claims to include "a

specific intent to violate the arrestee's right to freedom from unreasonable seizure.") (internal quotation

marks omitted). The Ninth Circuit has elaborated on the specific intent requirement, holding that a

plaintiff must show:

      defendants intended not only the force, but its unreasonableness, its

character as more than necessary under the circumstances. . . . But it is not necessary for the defendants to have been thinking in constitutional *or legal terms* at the time of the incidents, because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.

*Reese*, 888 F. 3d at 1045 (emphasis in original) (internal citations and quotation marks omitted); *see also*

*Losee v. City of Chico*, 738 F. App'x 398, 401 (9th Cir. 2018) ("Evidence simply showing that an

officer's conduct amounts to a constitutional violation under an 'objectively reasonable' standard is

insufficient to satisfy the additional intent requirement under the Bane Act.").

Neither Plaintiff's pleading of the events at issue nor his Bane Act cause of action contains even

a boilerplate statement regarding Defendants' specific intent to violate Plaintiff's rights or reckless

disregard for his constitutional rights. And Plaintiff fails to plead with particularity facts sufficient to

draw a reasonable inference that Defendants acted "with the particular purpose" of violating Plaintiff's

constitutional rights. *See Cornell*, 17 Cal. App. 5th at 803. Plaintiff does not provide any particularized

allegations that, for example, Defendants arrested him without probable cause, that Defendants

fabricated evidence, that Defendants conspired against Plaintiff, or that Defendants used the force to

punish Plaintiff. *See Inman v. Anderson*, 294 F. Supp. 3d 907, 931-32 (N.D. Cal. 2018) (dismissing

Bane Act claims when only allegations evincing specific intent were conclusory statements that officers

conspired to present false and misleading evidence against plaintiff, and suggesting plaintiff needed to

plead why the evidence was false and misleading and allege acts done in furtherance of the conspiracy);

*Arthur Weitzel v. Cty. of Los Angeles et al. Additional Party Names: Jim McDonnell, Moton*, No. CV-

159328-PSG-JPRX, 2018 WL 5905601, at *2 (C.D. Cal. July 20, 2018) (evidence that defendant

threatened and punished a plaintiff for "talking back" by tasing plaintiff, and then immediately high

fiving defendant's peers, demonstrated specific intent to use excessive force beyond what was

necessary); *Scalia v. Cty. of Kern*, 308 F. Supp. 3d 1064, 1076-77, 1084 (E.D. Cal. 2018) (sufficiently

pleading deliberate indifference, which requires pleading reckless disregard of a right at issue, adequate

to allege specific intent under the Bane Act); *Jaime-Gonzalez v. Cty. of Los Angeles*, No. CV-186600-

MWF-JPRX, 2018 WL 8058840, at *9 (C.D. Cal. Dec. 26, 2018) (dismissing Bane Act claim, noting that lack of probable cause for an arrest would support a reasonable inference of specific intent to violate rights); *Watkins v. City of Oakland*, No. 17-CV-06002-JCS, 2018 WL 574906, at *13 (N.D. Cal. Jan. 26, 2018) (allegations of knowingly falsifying evidence and arresting without probable cause support a specific intent to violate rights); *John v. Lake Cty.*, No. C 18-06935 WHA, 2019 WL 859227, at *5 (N.D. Cal. Feb. 22, 2019) (allegations of a warrantless search, performed without probable cause, and threats of violence sufficient to state a claim at motion to dismiss stage). The kick alleged by Plaintiff, taken alone without any allegations regarding purpose or specific intent, is insufficient to support that Defendants acted with the particular purpose of violating Plaintiff's constitutional rights. *See Reese*, 888 F. 3d at 1043-45; *Losee v. City of Chico*, 738 F. App'x at 401.

Finally, Plaintiff pleads "unreasonable and unlawful search and seizure" and "the right of protection from bodily restraint and improper touching" as the required predicate constitutional violations for his Bane Act Claim. This Court has found above that Plaintiff pleaded with sufficient particularity a Fourth Amendment excessive force claim, which thus could serve as a predicate for any amended Bane Act Claim. *See Graham*, 490 U.S. at 394 (Fourth Amendment excessive force claim is rooted in the right to be free from unreasonable seizures.). The Court notes that if Plaintiff intends to proceed on other predicate constitutional violations for his Bane Act claim, he must plead those predicate claims with sufficient particularity.

Therefore, Plaintiff's Sixth cause of action for violation of the Bane Act is **DISMISSED without prejudice**.

I. **Failure to State Unruh Act Claim**

Plaintiff's Seventh claim is against "All Defendants" for violation of the Unruh Act. Plaintiff's complaint states in relevant part:

> 60. Plaintiff claims that Defendants denied, aided or incited a denial of, and /or discriminated or made a distinction that denied full and equal accommodations, advantages, facilities, privileges, and/or services to

> Plaintiff, including, but not limited to, violations under Civil Code 52.3
> and 52.45.
> 61. A motivating reason for Defendants' conduct was its perception of
> Plaintiff's sexual orientation, race, ancestry, and/or national origin.
> 62. Plaintiff contends that his ethnicity made him an easy and/or
> susceptible target to discrimination and abuse by Defendants.
> 63. As a direct cause of Defendants' conduct, Plaintiff's rights were
> violated, causing injuries, harm and damages in an amount to be proved at
> the time of trial.

ECF No. 1, Ex. A. §§ 60-63. The Unruh Act, codified at Cal. Civil Code § 52.3(a), states:

> "No governmental authority, or agent of a governmental authority, or
> person acting on behalf of a governmental authority, shall engage in a
> pattern or practice of conduct by law enforcement officers that deprives
> any person of rights, privileges, or immunities secured or protected by the
> Constitution or laws of the United States or by the Constitution or laws of
> California."

Additionally, Cal. Civil Code § 52.45 states in pertinent part:

> Any person who has been subjected to sexual orientation violence may
> bring a civil action for damages against any responsible party. . . . For
> purposes of this section, "sexual orientation violence" means one or more
> acts that would constitute a criminal offense under state law that has as an
> element the use, attempted use, or threatened use of physical force against
> the person or property of another, committed at least in part based on the
> sexual orientation of the victim, whether or not those acts have resulted in
> criminal complaints, charges, prosecution, or conviction.

Defendant argues that Plaintiff has failed to plead sufficient facts to demonstrate the requisite "pattern or

practice." As with the Bane Act and *Monell* causes of action, Plaintiff fails to offer meaningful

opposition. *See* ECF No. 8 at 7; Local Rule 230.

Defendant is correct that Plaintiff pleads no particularized facts demonstrating a pattern or

practice of Defendant law enforcement officers depriving him of any federal or California constitutional

rights. The only particularized facts in Plaintiff's complaint relate to the single incident involving the

kick, and there is nothing in the complaint demonstrating a pattern or practice of similar incidents.

Indeed, Plaintiff's cause of action for violation of the Unruh Act does not even offer a boilerplate

recitation of a "pattern or practice." *See Hall v. Kernan*, No. 217-CV-06216-RGK-SHK, 2018 WL

6265057, at *6 (C.D. Cal. May 21, 2018) (dismissing § 52.3 claim due to failure to make factual

allegations regarding a pattern or practice).

Moreover, Plaintiff's Unruh Act cause of action is conclusory and vague in general, pleading no particularized facts regarding what actions by Defendants constituted a violation of the Unruh Act. Plaintiff does not plead any particularized facts regarding what "accommodations, advantages, facilities, privileges, and/or services" were denied, ECF No. 1, Ex. A ¶ 60, and Plaintiff does not plead any particularized facts to support that the "motivating reason for Defendants' conduct was its perception of Plaintiff's sexual orientation, race, ancestry, and/or national origin." *Id.* ¶ 61. Plaintiff pleads that "his ethnicity made him an easy and/or susceptible target to discrimination and abuse by Defendant," but does not allege any particularized facts in support this statement, and, in any event, being a susceptible target for discrimination and abuse is insufficient on its own to establish an Unruh Act violation.

Therefore, Plaintiff's seventh cause of action for violation of the Unruh Act will be **DISMISSED without prejudice**.[5]

## J.     Failure to State Negligent Hiring,  Supervision, and Training Claims

Finally, Plaintiff's Eighth and Ninth causes of action are for negligent hiring and supervision, and negligent training, respectively, against the City of Farmersville. Plaintiff's opposition wholly fails to address these claims.

First, Plaintiff's Eighth and Ninth causes of action are pleaded in a conclusory fashion, mostly reciting the boilerplate elements of each claim. No particularized facts are offered in support of either claim and no effort is made to tie these causes of action to the acts that allegedly injured Plaintiff.

---

[5] In addition, while neither party addresses it, several courts have ruled that § 52.3 does not create a private right of action and only vests authority in the California attorney general to pursue injunctive or declaratory relief. *See* Cal. Civil Code § 52.3(b) ("The *Attorney General* may bring a civil action in the name of the people to obtain appropriate equitable and declaratory relief . . . .) (emphasis added); *Ley v. State of California*, 114 Cal. App. 4th 1297, 1306 (2004) (discussing cases finding no private right of action under § 52.3); *Scocca v. Smith*, No. C-11-1318-EMC, 2012 WL 2375203, at *10 (N.D. Cal. June 22, 2012) (same); *Wilson v. Soto*, No. CV 15-9546-PSG-JPR, 2016 WL 825194, at *6 (C.D. Cal. Jan. 21, 2016), *report and recommendation adopted sub nom. Wilson v. J.D. Soto*, No. CV 15-9546-PSG-JPR, 2016 WL 827747 (C.D. Cal. Mar. 2, 2016) (same); *Fresquez v. Cty. of Stanislaus*, No. 1:13-CV 1897-AWI-SAB, 2014 WL 1922560, at *13 (E.D. Cal. May 14, 2014) (same).

28

Dismissal of both claims would be appropriate on that basis alone.

Second, California Government Code § 815 states that "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person," "[e]xcept as otherwise provided by statute." Plaintiff has not identified any statutory authority for pursuing these claims claim against the City of Farmersville, but instead solely proceeds on a theory of vicarious liability. *See Fonseca v. City of Fresno*, No. 1:10-CV-00147-LJO, 2012 WL 44041, at *16 (E.D. Cal. Jan. 9, 2012) (granting summary judgment on claim of negligent hiring, training, and supervision against a municipality because of plaintiffs' failure to identify any statutory authority for pursuing such a claim). California Government Code § 815.2(a) provides that:

> A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

"When assessing a claim for vicarious liability against a governmental employer based on the acts or omissions of its employee, a court must examine whether the employee who acted or failed to act would have been personally liable for the injury." *See de Villers v. Cty. of San Diego*, 156 Cal. App. 4th 238, 249 (2007); *see also Gonzalez v. City of Desert Hot Springs*, No. CV-1701397-TJH-SPX, 2017 WL 10562938, at *2 (C.D. Cal. Dec. 20, 2017) ("a governmental entity can be vicariously liable for the torts of an employee committed within the course and scope of employment, provided that the tortious conduct would give rise to a claim against the employee"). Plaintiff brings these claims solely against the City of Farmersville. Plaintiff does not identify specific employees or specific employee acts for which the City of Farmersville is liable. Plaintiff fails to plead any particularized facts sufficient to state a claim against any individual employee and § 815 a cannot provide for liability without the underlying liability of an employee. *See Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-CV-05554-JST, 2018 WL 6331009, at *7 (N.D. Cal. Dec. 4, 2018) ("because Hardin cannot state a [negligent infliction of emotional distress]claim against any individual defendant, section 815.2(a) does not provide for any

liability by [the public entity]."); *P.G. by & through Mallory v. City of Long Beach*, No. CV 17-8663-DSF-SKX, 2018 WL 6252414, at *3 (C.D. Cal. May 16, 2018) (dismissing claim for vicarious liability where complaint failed to "identify specific employees or specific employee acts for which [d]efendant is liable.").

Therefore, Plaintiff's Eighth cause of action (negligent hiring and supervision) and Ninth cause of action (negligent training) against the City of Farmersville will be **DISMISSED without prejudice.**

## VI. CONCLUSION AND ORDER

For the reasons stated above, Defendants' motion to dismiss is **GRANTED IN PART AND OTHERWISE DENIED**.  Plaintiff shall have twenty (20) days from electronic service of this Order to file an amended complaint in accordance with this Order.  This Court has spent a great deal of resource in preparing this Order, and it expects counsel for the Plaintiff to spend a great deal of resource in reading it, studying it, and making decisions whether to proceed on the causes that have been dismissed without prejudice.  The term "without prejudice" is not a cordial invitation to replead without the facts and law to support the pleading.  Failure to amend in accordance with this Order will not be overlooked on any future decision concerning dismissal.

IT IS SO ORDERED.

Dated:  __July 9, 2019__            _____/s/ Lawrence J. O'Neill_____
                                    UNITED STATES CHIEF DISTRICT JUDGE